### GEORGE COLEMAN et al. *v.* JOHN K. MARBLE.

Under the facts of the case, the court refused to disturb a settlement between the parties four years after it had been made.

APPEAL from the District Court of the Parish of Madison, *Perkins*, J. *Amonette*, for plaintiffs and appellants. *Snyder*, for defendant.

BUCHANAN, J. Defendant being sued upon his two promissory notes, made to the order of plaintiffs, pleads in defence to the action:

1st. That the consideration of the notes had failed; that the notes were given for the estimated value of plaintiff's interest in a commercial partnership heretofore subsisting between plaintiff and defendant; that plaintiff kept the books of the concern; that no account of stock or assets was taken previously to giving said notes, the defendant trusting to the correctness of the entries in the books; but that he had been imposed upon and defrauded by plaintiff, there being numerous errors in the balances of account against the customers upon the said books, which swelled the apparent value of the partnership assets above their real value and which should be deducted from the notes sued on.

2. That defendant has taken up and paid at plaintiff's request, a large amount of claims against him, which, by agreement of parties, were to be credited on the notes now in suit; and which payments defendant pleads in compensation.

3d. That in settlement with *Seale & Harrell*, and also with *Jacob Mason*, defendant found that many articles purchased by plaintiff and by his brother, for whose use this suit is brought, had been improperly and fraudulently charged, by their order, to the firm of *Coleman & Marble*, which he claims to be deducted from these notes.

Upon these pleadings, the parties went to trial before a jury, and the following verdict was returned " We, the jury, allow the defendant credit for eight hundred and sixteen dollars sixty-three cents; and find judgment for the plaintiff for balance of the claim, fifty three dollars fifty-one cents." After an unsuccessful attempt to obtain a new trial, the plaintiff has appealed.

The case comes up to us, upon a bill of exceptions, to the introduction of the most of the defendant's evidence upon various grounds of objection stated.

The case of defendant is very unsatisfactorily presented. On the 17th of July, 1848, there is written proof of a dissolution of the partnership of *Coleman & Marble*, by the terms of which, the latter gave his partner his unconditional obligations for a fixed sum, for his share in the partnership effects, including the lot and house on and in which the business was conducted, and moreover assumed the payment of all liabilities; releasing formally the plaintiff " from all obligations of the firm, and taking the responsibility of settling all the debts that the firm is bound for." To open this settlement, the defendant has not given us any evidence of what took place when the partnership was dissolved; but has brought forward a list of balances copied from the books of *Coleman & Marble*, and has introduced a number of witnesses who have been sworn, in general terms, that there were errors in the amounts charged against them upon that list. Such evidence, given four years after the dissolution of the partnership, is not sufficient to disturb the formal and solemn settlement made between two partners, who are proved to have attended equally to the business of the concern, and must be presumed to have been equally cognizant of its affairs.

Under the plea of compensation, also, the defendant has offered proof of his having paid a number of accounts held against the plaintiff by different persons. So far as he has shown that such payments were made at the request of the plaintiff, to be credited on the notes, according to the language of defendant's plea, they must be allowed as offsets to plaintiff's claim. It is evident, that as open accounts, they are not compensable with the notes sued upon; and only become so, when liquidated by the acknowledgment of the plaintiff

COLEMAN ET AL  of their correctness, and his consent that when paid, they should be credited
   *v.*          upon defendant's notes.
MARBLE.
    The following items of the account or exhibit A., annexed to defendant's
answer, appear to be entitled to be allowed in compensation :

| | |
|---|---:|
| Account paid *J. P. & J. S. Coons*, - - - - | $81 92 |
| Note paid Mrs. *Susannah Mason*, - - - - | 150 00 |
| Account paid *F. Kelsler*, - - - - - - | 17 18 |
| Account paid *Martha Payne*, - - - - - | 37 21 |
| Note *G. Coleman* favor of *Kinsman & Cower*, - - | 77 68 |
| | $363 94 |

    It is therefore adjudged and decreed, that the judgment of the District Court
be reversed, and that plaintiff recover of defendant five hundred and six dol-
lars and six cents, with five per centum per annum interest, from the 10th of
September, 1849, until paid, and costs in both courts.